**Opinion filed August 25, 2016**



## In The

# Eleventh Court of Appeals

_____

## No. 11-14-00226-CR

_____

## JARED DANIEL CHAPMAN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**
**Erath County, Texas**
**Trial Court Cause No. CR14029**

## M E M O R A N D U M   O P I N I O N

Jared Daniel Chapman entered an open plea of guilty to the offense of felony driving while intoxicated. The jury assessed his punishment at confinement for a term of ten years in the Institutional Division of the Texas Department of Criminal Justice. In a single issue, Appellant contends that he received ineffective assistance of counsel during the punishment phase of trial. We affirm.

*Background Facts*

Officer Caleb Steele of the Stephenville Police Department received a report of a reckless driver driving from Dublin to Stephenville. He stopped the vehicle and made contact with the driver—Appellant—in a parking lot of a funeral home in Stephenville. After performing field sobriety tests on Appellant, Officer Steele placed him under arrest for driving while intoxicated. Appellant declined to voluntarily give a blood sample requested by Officer Steele, whereupon the officer obtained a search warrant for a blood draw. The analysis of Appellant's blood sample revealed a blood alcohol concentration of 0.219.

The prosecutor questioned Officer Steele extensively about his stop and arrest of Appellant. The prosecutor offered a recording of the stop into evidence and played it for the jury. The video included the exchange between Appellant and Officer Steele in which the officer told Appellant that the Stephenville Police Department does not take breath specimens, but only takes blood specimens from suspected intoxicated drivers. Appellant responded in a profane manner to Officer Steele, suggesting that the officer shoot him in the head and referring to the officer as a "demonic piece of s--t." The prosecutor also offered records of Appellant's prior convictions into evidence, including convictions for criminal trespass, theft of $1,500 or more but less than $20,000, and three convictions for burglary of a building. Appellant's prior driving while intoxicated offenses included a 2010 conviction from Tarrant County, which included an "open container" finding, and a 2012 conviction from Comanche County. *See* TEX. PENAL CODE ANN. § 49.04(c) (West Supp. 2016).

Appellant testified at the punishment phase. He moved to Texas to live with his grandparents after his parents died in Mississippi as a result of a murder-suicide. He attributed his prior criminal record to youthful indiscretions. Appellant testified that he was ashamed of his behavior displayed on the recording of his arrest, and he

attributed that behavior to his state of intoxication. Appellant was incarcerated in a state jail facility for twenty-two months. Afterward, he lived and worked in Fort Worth until losing his job and place to live. Appellant testified about several times that he had been arrested for driving with a suspended license after his previous DWI convictions. He also testified about using methamphetamine, including as recently as one month prior to trial.

On cross-examination, Appellant admitted that he regularly drove his car without a license. He also testified that, at the time of his arrest, he did not care if he lived or died and that he had planned to commit suicide that night when he got home. Appellant testified that he purchased a bottle of liquor in Proctor and that he drank it while driving from Dublin to Stephenville.

*Analysis*

To determine whether Appellant's trial counsel rendered ineffective assistance, we must first determine whether Appellant has shown that his counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result of the proceeding would have been different but for his counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 726 S.W.2d 53, 55–57 (Tex. Crim. App. 1986). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and Appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). An allegation of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).

With respect to allegations of ineffective assistance of counsel, the record on direct appeal is generally undeveloped and rarely sufficient to overcome the presumption that trial counsel rendered effective assistance. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *Thompson*, 9 S.W.3d at 813–14. The Court of Criminal Appeals has said that "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). If trial counsel did not have an opportunity to explain his actions, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). We note at the outset of our analysis that, although Appellant filed a motion for new trial, the motion did not allege ineffective assistance of counsel, nor was a hearing held on the motion. Accordingly, the appellate record does not contain an explanation from trial counsel concerning his actions.

Appellant asserts that trial counsel was ineffective in the following respects: (1) that trial counsel did not properly inform Appellant about a plea bargain offer; (2) that trial counsel made "multiple inappropriate comments and derogatory remarks" about Appellant; and (3) that trial counsel did not make an opening statement or cross-examine the State's witnesses.

With respect to the matter of the plea bargain offer, Appellant references an exchange between Appellant and the trial court during sentencing. When the trial court asked Appellant if he had any reason why sentence should not be imposed, Appellant responded: "I didn't realize that the plea bargain was not still available, I wanted to take it, but, I mean, I didn't know that it was removed." This is all of the information in the record pertaining to a plea bargain offer. Appellant contends that information "alone" is enough for this court to determine that he did not receive an adequate explanation of the plea bargain offer. We disagree. As noted previously,

4

the record must affirmatively demonstrate the alleged ineffectiveness. *See Thompson*, 9 S.W.3d at 814. The record before us does not affirmatively demonstrate deficient conduct on the part of trial counsel because there is no evidence of the communications exchanged between Appellant and trial counsel about any plea bargain offers. Furthermore, the trial court explained to Appellant, before it accepted his guilty plea, that "I understand that there is no plea bargain agreement in this matter so that there's nothing limiting --huh-- the jury's discretion except the statute, 2 to 10 years, and up to a $10,000 fine." Appellant advised the trial court that he understood that this was the situation.

The comments by trial counsel that Appellant challenges were made during closing argument. The type of closing argument defense chooses to make is an inherently tactical decision "based on the way a trial is unfolding, the trial strategy employed, the experience and judgment of the defense attorney, and other factors." *Taylor v. State*, 947 S.W.2d 698, 704 (Tex. App.—Fort Worth 1997, pet. ref'd). "[C]ounsel has wide latitude in deciding how best to represent a client, and deference to counsel's tactical decisions in his closing presentation is particularly important because of the broad range of legitimate defense strategy at that stage." *Yarborough v. Gentry*, 540 U.S. 1, 5–6 (2003) (per curiam). Judicial review of an attorney's summation is therefore highly deferential. *Id.* at 6.

Appellant contends that trial counsel made the following comments that disparaged him to the jury:

1. "[W]ell, I sit in my apartment and drink peppermint schnapps until I get the courage to kill myself . . . ."

2. Now, he hasn't been caught drinking and driving since April, and it may be the last one or he may kill [the prosecutor] going to the Rangers game the day after he gets out, you can't predict the future, I mean, things happen . . . ."

3. I mean, he could have done it, I guess, three hundred and sixty-four days a year and not got caught . . . ."

4. "[W]ell, how many drunks read the paper . . . ."

5. "This is not the worst human being you ever saw . . . ."

As noted previously, trial counsel has not had an opportunity to elaborate on his trial strategy in making these comments. In the absence of this opportunity, we are unable to conclude that his arguments constituted deficient performance.

We note that the facts from the perspective of the defense were daunting given Appellant's criminal history, his high level of intoxication, the fact that he was drinking liquor while driving immediately prior to his arrest, his use of drugs since the arrest, his conduct at the time of his arrest, and his refusal to abstain from driving even though he did not have a valid driver's license. Furthermore, some of the arguments were in response to closing arguments made by the prosecutor. For example, the second comment, which was followed with the comment that "sober people kill other people in car wrecks," was made in response to the prosecutor's plea to take Appellant off the road. The third comment was followed by a statement suggesting that the chances of a person driving while intoxicated and not being caught by law enforcement are less now because "these guys are good." The fourth comment appears to have been made to suggest that a maximum sentence will have little deterrent effect on others because "drunks" do not "read the paper."

Finally, Appellant complains of trial counsel's decision not to make an opening statement and to only ask one question in cross-examining the State's witnesses. These matters are tactical decisions that are inherently a matter of trial strategy as the case unfolds at trial. *See Taylor*, 947 S.W.2d at 704. As is the case with Appellant's other complaints, we are unable to assess the reasonableness of trial counsel's performance due to the absence from the appellate record of an explanation of his trial strategy. Moreover, this was a case wherein Appellant pleaded guilty to the charged offense. Accordingly, the only matter for the factfinder to decide was Appellant's punishment. The State called three witnesses: the

arresting officer, the chemist that analyzed Appellant's blood sample, and a fingerprint expert that was called to prove up Appellant's prior convictions. The bulk of their testimony did not deal with punishment, other than to simply outline the details of Appellant's arrest for driving while intoxicated.

As noted in *Thompson*, an allegation of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. 9 S.W.3d at 814. We conclude that the record in this case does not affirmatively demonstrate that Appellant received ineffective assistance of counsel. We overrule Appellant's sole issue. In doing so, we note that Appellant has included a request, in the alternative, for us to essentially abate the appeal for the purpose of remanding the case to the trial court to conduct an evidentiary hearing on his ineffective assistance claim. We decline this request. A hearing on a writ of habeas corpus is the preferable forum for developing a record of ineffective assistance in criminal cases. *See Massaro v. United States*, 538 U.S. 500, 505 (2003); *Freeman v. State*, 125 S.W.3d 505, 506–07 (Tex. Crim. App. 2003); *Thompson*, 9 S.W.3d at 813–14.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY
JUSTICE


August 25, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

7